IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OLUSEGUN MAKINDE | * | |
| Plaintiff *pro se*, | * | |
| v. | * | Civil Action No.: RDB 06-242 |
| INTERNAL REVENUE SERVICE | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

This action arises from a Complaint that Olusegun Makinde ("Plaintiff") filed against the Internal Revenue Service ("Defendant" or "IRS").[1]  Plaintiff appears to seek the following relief: (1) a determination from this Court that the IRS overestimated Plaintiff's 2002 federal income tax liabilities; (2) an order enjoining the IRS from applying Plaintiff's 2005 tax overpayments to his 2002 liabilities; (3) an order enjoining the IRS from tampering with Plaintiff's or his wife's 2005 and 2006 tax returns or wages pending resolution of this matter; and (4) damages in the amount of $5,000.

Currently pending is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Defendant contends that this Court lacks subject matter jurisdiction over the causes of action asserted by Plaintiff for three reasons: (1) Plaintiff has failed to satisfy the jurisdictional prerequisites of paying the challenged tax and then filing for a refund; (2) Plaintiff improperly seeks to prevent the assessment or collection of a tax; and (3) Plaintiff improperly seeks a

---

[1] The Internal Revenue Service is not a proper defendant to this action.  *See* 26 U.S.C. § 7422(f)(1) ("A suit or proceeding referred to in subsection (a) may be maintained *only* against the United States. . . .") (emphasis added).  Accordingly, the United States is hereby substituted for the Internal Revenue Service.  26 U.S.C. § 7422(f)(2).

determination of certain tax liabilities.  For the reasons stated below, Defendant's Motion to

Dismiss is GRANTED.[2]

## STANDARD OF REVIEW

The United States Court of Appeals for the Fourth Circuit has summarized the standard

for reviewing a Rule 12(b)(1) motion contesting the factual basis for subject matter jurisdiction:

> When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff.  *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id*.; *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987).  The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists.  *Trentacosta*, *supra*, 813 F.2d at 1559 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Trentacosta*, *supra*, 813 F.2d at 1558.

*Richmond, Fredericksburg and Potomac R.R. Co., v. United States*, 945 F.2d 765, 768 (4th Cir.

1991).

## DISCUSSION

As noted above, Defendant contends that this Court lacks subject matter jurisdiction over

Plaintiff's Complaint for three reasons.  First, a civil action for a refund of taxes may not be

brought until the taxpayer has paid the assessed tax and filed an administrative claim for a

---

[2] On January 30, 2006, Plaintiff filed a Complaint in this Court.  On February 10, 2006, this Court granted Plaintiff's Motion to Amend his Complaint.  On April 10, 2006, Defendant filed its Motion to Dismiss.  On April 11, 2006, the Deputy Clerk of this Court mailed Plaintiff a letter notifying him of the pending Motion to Dismiss.  Plaintiff has filed no opposition to Defendant's motion.

refund.  *See*, *e.g.*, 26 U.S.C. § 7422 ("No suit or proceeding shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary. . . ."); *Flora v. United States*, 362 U.S. 145 (1960) (holding that payment of a tax assessment is a jurisdictional prerequisite to a suit by the taxpayer for a refund of tax payments).  In this case, "[i]t is unclear if [Plaintiff] seeks a refund for [his 2002 federal income tax liabilities] or a determination that he owes less than the Service has claimed." (Def.'s Mot. to Dismiss p. 1).  Assuming that Plaintiff does seek a refund in connection with certain tax liabilities, there is no evidence that Plaintiff has either paid those taxes or filed an administrative claim for a refund of those taxes.  Accordingly, Plaintiff has failed to satisfy its burden of proving subject matter jurisdiction with respect to any cause of action for a refund of tax liabilities.[3]  *Adams*, 697 F.2d at 1219.

Second, Defendant contends that the Anti-Injunction Act, 26 U.S.C. § 7421, deprives this Court of subject matter jurisdiction over Plaintiff's attempt to prevent the collection of any tax. The Anti-Injunction Act provides in relevant part that:

> Except as provided in sections . . . *no suit for the purpose of restraining the assessment or collection of any tax* shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421 (emphasis added); *see also Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003) ("The effect of the Act is simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes.") (citations omitted).  Here, there is insufficient evidence to conclude that Plaintiff's claims fall within any

---

[3] (*See* Compl. p. 3 (suggesting that Plaintiff seeks a "determination by the Court" with respect to certain 2002 tax liabilities or a refund of taxes paid in 2002).)

of the exceptions identified in § 7421.[4]  Accordingly, Plaintiff has failed to satisfy its burden of proving subject matter jurisdiction with respect to its attempt to restrain the assessment or collection of certain taxes.[5] *Adams*, 697 F.2d at 1219.

Finally, Defendant maintains that the Declaratory Judgment Act, 28 U.S.C. § 2201, deprives this Court of authority to hear Plaintiff's request that this Court determine certain tax liabilities.[6]  The Declaratory Judgement Act provides in relevant part:

---

[4] Plaintiff's Complaint provides that:

> Upon [the IRS's] reassessment, I was asked to now refund about $3,000 of the initial $6,000 I was found to be owing. We found out that the $3,000 was as a result of my mileage claim which the IRS denied despite my providing them with a Mileage Log and Supporting Letters from my employers indicating the nature of my job and the extent to which I use my car for my duties.  The IRS refused to accept any of my explanations to this effect. . . ."

(Compl. p. 2.)  One of the exceptions to the Anti-Injunction Act's bar on suits seeking to restrain the assessment or collection of taxes concerns disputes over reassessments.  *See* 26 U.S.C. § 7429(b) ("Within 90 days after the earlier of — (A) the day the Secretary notifies the taxpayer of the Secretary's determination [of a reassessment], or (B) the 16th day after the request [for a reassessment] was made, the taxpayer may bring a civil action against the United States for a determination under this subsection in the court with jurisdiction determined under paragraph (2).") Although Plaintiff's Complaint suggests that a reassessment may have been made pursuant to 26 U.S.C. § 7429(a), there is no allegation or evidence that Plaintiff's Complaint was filed within the deadlines established by § 7429(b).  Accordingly, this Court lacks a sufficient basis from which to conclude that Plaintiff's action falls within the "reassessment" exception to the Anti-Injunction Act.

[5] (*See* Compl. p. 3 (suggesting that Plaintiff seeks a "determination by the Court" with respect to certain 2002 tax liabilities); Pl.'s Mot. to Amend p. 1 ("[T]he relief I want the Court to order is: An injunction ordering IRS not to tamper with my tax return as well as my wife's returns for the tax year 2005 until a determination of the case by the Court.  An injunction ordering IRS not to tamper with my wages as well as my wife's wages with immediate effect until a determination of the case by the Court.").)

[6] The United States Court of Appeals for the Fourth Circuit has noted that "'[t]hough the Anti-Injunction Act concerns federal courts' subject matter jurisdiction and the tax-exclusion provision of the Declaratory Judgment Act concerns the issuance of a particular remedy, the two statutory texts are, in underlying intent and practical effect, coextensive.'" *Sigmon Coal Co.,*

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added); *see also Nat'l Prime Users Group, Inc. v. United States*, 667 F. Supp. 250, 256-57 (D. Md. 1987) ("It is clear from the statutory language "except with respect to federal taxes" that the Court could not enter a declaratory judgment in this action, even if it were inclined to do so."). Again, there is no suggestion that Plaintiff's claims fall within the exceptions identified in § 2201. Even if this Court could grant the requested relief, Plaintiff would still have to offer an independent basis for jurisdiction. *See* 28 U.S.C. § 2201 ("In a case of actual controversy *within its jurisdiction*. . . .") (emphasis added); *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 221 n.7 (4th Cir. 2001) ("Of course, a claim under the Declaratory Judgment Act, even if made, does not confer jurisdiction."). Accordingly, this Court lacks authority to issue the remedy requested by Plaintiff, *i.e.*, a declaration of rights or legal relations with respect to certain tax liabilities.[7]

---

*Inc. v. Apfel*, 226 F.3d 291, 299 (4th Cir. 2000) (quoting *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 583 (4th Cir. 1996), *aff'd* 534 U.S. 438 (2002)).

[7] (*See* Compl. p. 3 (suggesting that Plaintiff seeks a "determination by the Court" with respect to certain 2002 tax liabilities or a refund of taxes paid in 2002).

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. A separate Order follows.


Dated: September 19, 2006                         /s/
                                                  Richard D. Bennett
                                                  United States District Judge